UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22CV11213

| | |
|---|---|
| JENNY MACNEIL JOHNSON, ) <br> as Mother and Next Friend of Minor, ) <br> S.J., ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> SAFCO MANAGEMENT, INC. d/b/a ) <br> STEELE HILL RESORT ) <br>  ) <br> Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff brings this civil action against defendant Safco Management, Inc. d/b/a Steele Hill Resort and alleges as follows:

## INTRODUCTION

1. This is a diversity action for damages pursuant to 28 U.S.C. § 1332 and all relevant laws applicable or related thereto.

2. This action is based on bodily injuries to the minor S.J., then five (5) year old, when she suffered a second-degree scald burn to her right posterior upper torso on January 10, 2021 while bathing in a jacuzzi style bathtub in room 43C at Steele Hill Resort, 516 Steele Hill Road, Sanbornton, New Hampshire, then owned and operated by defendant.

3. Defendant induced plaintiff, through targeted marketing and solicitation in Massachusetts, to book accommodations at its resort in New Hampshire, where it committed the tortious conduct, including but not limited to failing to comply with proper standards to ensure safe water temperature for bathing, failure to properly address safety

concerns related to hot water storage and delivery, and failure to have a temperature-limiting device and/or actuated mixing valve to limit the maximum temperature delivered from the hot water source.

## PARTIES

4. Plaintiff Jenny MacNeil Johnson is an individual residing at 35 Magnolia Street, Saugus, Essex County, Massachusetts.

5. Plaintiff is the mother and next friend of her minor daughter S.J., now seven (7) years old, who resides with her at 35 Magnolia Street, Saugus, Essex County, Massachusetts.

6. Defendant is a New Hampshire for profit corporation with a principal place of business at 516 Steele Hill Road, Sanbornton, New Hampshire, and conducting business under the registered trade name "Steele Hill Resort".

7. At all times material hereto, defendant owned and operated a hotel and resort business at 516 Steele Hill Road, Sanbornton, New Hampshire which was promoted and marketed to residents of the Commonwealth of Massachusetts by, *inter alia*, print, direct mail, television, radio, and/or internet marketing, and which knowingly participated in special promotions to attract customers from Massachusetts to its hotels and resorts in New Hampshire, including associated trade names, Steele Hill Resort, Summit at Winnipesaukee, Summit Resort, Path Resorts, ECRM Tours, and Path Hospitality.

## JURISDICTION AND VENUE

8. This court may maintain personal jurisdiction over defendant in accordance with the Due Process clause of the Constitution of the United States of America and the Massachusetts Long-Arm Statute, General Laws Chapter 223A, Section 3, based on its purposeful, systemic, and substantial transactions and solicitation of business within the

Commonwealth of Massachusetts, and contacts with plaintiff while in Massachusetts, by and/or through the acts of promoting and marketing by, *inter alia*, print, direct mail, television, radio, and/or internet marketing, which induced plaintiff to reserve and book a stay at Steele Hill Resort, induced them to travel to New Hampshire to its resort, which was maintained in an unreasonably dangerous condition, causing injury to the minor plaintiff.

9. Defendant furthermore does sufficient business in the Commonwealth of Massachusetts and in the District of Massachusetts for this court to exercise personal jurisdiction over it, such that the maintenance of this action in this forum will not offend traditional notions of fair play and substantial justice.

10. Personal jurisdiction is proper in this Court under the Due Process Clause of the U.S. Constitution because the defendant has sufficient minimum contacts with Massachusetts, because defendant has purposefully availed itself of the privilege of doing business in Massachusetts, and/or because the exercise of jurisdiction over defendant would be fair and reasonable.

11. Personal jurisdiction lies in this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, as plaintiff is a Massachusetts resident and defendant is a New Hampshire corporation with a principal place of business in the State of New Hampshire.

12. Furthermore, the only percipient witnesses to this incident, plaintiff and her minor daughter, reside in Massachusetts.

13. All damages witnesses, including the minor plaintiff's treating medical providers, live and work in Massachusetts.

14. The amount in controversy exceeds $75,000.

15. Venue is proper pursuant to 28 U.S.C. § 1391 (c) because defendant is subject to personal jurisdiction in this judicial district for the reasons set forth above.

## FACTUAL ALLEGATIONS

16. In the preceding decades, defendant, through its corporate trade names and related companies, successfully promoted and established the Steele Hill Resort brand as a nationally and internationally recognizable and trusted hotel with a reputation for high standards of accommodation, quality, service, and safety.

17. In the preceding decades, defendant pursued extensive marketing activities to promote the Steele Hill Resort in Massachusetts, via, *inter alia*, print, direct mailings, television, radio, internet advertising campaigns, Groupon deals, direct to consumer emails, as well as special rate reduction programs directed at the residents of the Commonwealth of Massachusetts, including plaintiff.

18. These activities proved very successful, as Steele Hill is now, and was at all times material hereto, generally well known to the residents of the Commonwealth of Massachusetts as a resort promoted as having high standards of accommodation, quality, service, and safety.

19. At all times material hereto, defendant advertised and promoted its resorts to Massachusetts residents, through its own interactive website as well as third party websites, and/or by other means, and to accept bookings and reservations at the resort via the world wide web, gave out resort gift cards valid at its "The Hilltop Restaurant", "Tova's Tavern", and "The Market" convenience store, advertised as the area's premier wedding venue and year-round aquatic paradise, and benefited from these activities and

the goodwill surrounding the defendant's trade names, in attracting Massachusetts resident to its locations in New Hampshire, including Steele Hill Resort.

20. At all times material hereto, plaintiff and her minor daughter were Massachusetts residents who before receiving targeted promotions and advertisements from defendant in 2020 were wholly unfamiliar with Steele Hill Resort.

21. In 2020, plaintiff began receiving direct mail solicitations in Massachusetts from defendant for Steele Hill Resort, as well as Summit at Winnipesaukee, Summit Resort, Path Resorts, ECRM Tours, and Path Hospitality, advertising defendant's properties, as well as dozens of electronic mailings that displayed photographs of, and information concerning, the Steele Hill Resort that is the subject of the instant lawsuit.

22. At all times material hereto, plaintiff was exposed to email advertisements from defendant sent to her email accounts in Massachusetts promoting Steele Hill Resort, as well as Summit at Winnipesaukee, Summit Resort, Path Resorts, ECRM Tours, and Path Hospitality, which she viewed at her home in Massachusetts, as well as television commercials which aired on local Massachusetts networks.

23. In January 2021, plaintiff booked a room for herself and her minor daughter at Steele Hill Resort based upon her viewing defendant's print and electronic publications mailed and/or emailed directly to her home in Massachusetts, which displayed the resort's amenities and winter attractions.

24. As a direct result of defendant's direct mailings, solicitations, advertisements, and goodwill that plaintiff was exposed to in Massachusetts, as averred above, that the resort would be a comfortable and safe environment for her and her minor daughter, and

because of the flash sale promotions and reduced rates, plaintiff was induced to book a stay with her minor daughter at Steele Hill Resort.

25. On January 10, 2021, plaintiff and her minor daughter traveled from Massachusetts to Sanbornton, New Hampshire to stay at Steele Hill Resort.

26. On January 10, 2021, after checking-in at defendant's Steele Hill Resort, plaintiff ran a bath in the large jacuzzi-style bathtub inside their resort room 43C.

27. Plaintiff and her minor daughter entered the tub in bathing suits and comfortably enjoyed the bath and its water temperature.

28. Plaintiff then, while in the exercise of due care, activated the jacuzzi jets on the bathtub.

29. Plaintiff's minor daughter was seated with her upper back/torso area facing one of the jets when she screamed out in pain as scalding hot water shot from the jet and burned her skin on the right posterior upper torso, requiring emergency medical care, surgery, and resulting in significant permanent scarring and sensitivity.

30. At all times material hereto, defendant, by and through its principals, agents, and employees, owned, operated, maintained, and/or controlled the resort premises including the hot water system, the hotel room, and the jacuzzi bathtub where the minor plaintiff's injuries occurred.

31. At all times material hereto, defendant failed to comply with proper standards to ensure safe water temperature for bathing in resort guest rooms, failed to properly address safety concerns related to hot water storage and delivery to resort guest rooms, failed to have a temperature-limiting device and/or actuated mixing valve to limit the maximum temperature delivered to resort guest rooms, and failed to warn resort guests of potential

scald hazards from operating its jacuzzi tubs, thereby causing injuries to the minor plaintiff.

32. As of January 10, 2021, defendant negligently controlled, monitored, supervised, and/or maintained an unreasonably dangerous jacuzzi tub system that allowed scalding hot water to emit from the tub jets in Room 43C without any warning or temperature-limiting devices to limit the maximum temperature of water emanating from the jacuzzi jets in the bathtub.

33. As a result of defendant's negligence, the minor plaintiff suffered and continues to suffer severe and permanent injuries for which she has incurred and will continue to incur substantial medical expenses and pain and suffering and scarring and disfigurement.

## COUNT I - NEGLIGENCE

34. Plaintiff repeats and realleged paragraphs 1 through 33 above as if expressly set forth fully hereinafter.

35. Defendant owed a duty of reasonable care to lawful visitors to the subject premises, including plaintiff and her minor daughter, to operate and maintain the subject premises free from unreasonably dangerous and/or defective conditions, including the bathroom jacuzzi tub and associated plumbing fixtures, to supply tempered water at all outlets, and/or to warn all persons legally on its premises of any such dangerous or unsafe conditions.

36. Defendant breached this duty when it knew or should have known of the presence of super-heated water in the hotel water lines and/or the absence of appropriate safety devices, but failed to comply with proper standards to ensure safe water temperature for bathing, failed to properly address safety concerns related to hot water storage and

delivery, failed to have a temperature-limiting device and/or actuated mixing valve to limit the maximum temperature delivered to guests inside the hotel, and failed to warn resort guests of potential hazards so as to allow for safe bathing.

37. As a proximate result of defendant's negligence, the minor plaintiff was caused to suffer, and will continue to suffer, severe and permanent bodily injury, scarring, pain and suffering, and to incur substantial and ongoing medical expenses.

WHEREFORE, plaintiff demands judgment against defendant, together with interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Plaintiff,
By her Attorneys,
KECHES LAW GROUP, P.C.

/s/ *Jonathan D. Sweet*_____
Jonathan D. Sweet, BBO# 634755
Patrick J. Nelligan, BBO# 682849
2 Granite Avenue, Suite 400
Milton, MA  02186
(508) 822-2000
jsweet@kecheslaw.com
pnelligan@kecheslaw.com

Date: July 28, 2022